NEW-YORK,
Oct. 1815.

RYDER
.v.
CUDDERBACK.

## RYDER *against* CUDDERBACK AND COLEMAN.

The act relative to common schools, (sess. 35. ch. 242. s. 8. 1 *N. R. L.* 261.) authorizes the inhabitants of a school district to meet and vote a tax on the resident inhabitants of the district, for the purpose of building a school house, &c. &c. to choose trustees, who are to raise the sum voted by an assessment, " on all the taxable inhabitants of the district, agreeable to the levy on which the town tax was levied *the preceding year.*" A tax was voted by the inhabitants of a school district in *September* 1813, and the trustees made out their assessment, agreeable to the levy of the town tax for the year 1813, by which A., who was a taxable inhabitant of the town, at the time the tax was voted, but not a resident or taxable inhabitant in the year 1812, was assessed his proportion. It was held that the tax list of the *preceding year* must be understood, according to the general law relative to the assessment and collection of taxes, to mean the year ending on the first day of *August,* and that the assessment of the trustees on A. was, therefore, correct.

THIS was an action of *trespass*, for taking and carrying away a yoke of oxen, belonging to the plaintiff.

On the 12th of *March*, 1814, *William Lewis*, by virtue of a warrant directed to him by the defendants, and *C. Bailey*, jun. as trustees of the twenty-seventh school district, in the town of *Pompey*, in the county of *Onondaga*, took from the plaintiff, a yoke of oxen, which were regularly advertised for sale for six days, and sold at public auction on the 19th of *March*, 1814, for 67 dollars. The warrant was regular, bearing date *March* 10, 1814, having a regular tax list annexed to it, to raise the sum of 175 dollars, with five cents on each dollar, for the collector's fees; and which tax list contained the name of the plaintiff, and the amount of his tax.

At a meeting of the inhabitants of the said school district, pursuant to public notice for that purpose, on the third *Tuesday* of *September*, 1813, the defendants, and *Clark Bailey*, were duly elected trustees, and *William Lewis*, clerk, and the site for a school house to be erected, was fixed, and one hundred and seventy-five dollars agreed to be raised for that purpose. And at a regular meeting of the inhabitants of the district, on the 24th of *January*, 1814, it was resolved that the tax for building the school house, should be made, according to the last spring assessment, as the town taxes were; and at a legal meeting on the 25th of *January*, it was voted that the money for building the school house should be raised by a tax, according to the last spring's assessment.

It appeared that the plaintiff was not a taxable inhabitant of the town of *Pompey*, in the year 1812, and that his name was not on the tax list of the town, for that year; but the plaintiff was, on and before the third *Tuesday* of *September*, 1813, a taxable inhabitant of the said district, and continued so to be until after the 19th of *March*, 1814.

The defendants made up their tax list for the said district, from the tax list of the said town for the year 1813, in which tax list was the plaintiff's name, and his estate assessed at 1,819 dollars; and the defendants directed the collector to collect

from the plaintiff, 39 dollars and 9 cents, which was the sum
he was legally liable to pay, agreeable to the levy, on which the
town tax was raised in the year 1813, provided the said school-
tax list ought to have been made from the town-tax list of that
year.

It was agreed that if the court should be of opinion that the
plaintiff was entitled to recover, a judgment should be entered for
the plaintiff for 67 dollars; but if the court should be in favour
of the defendant, a judgment of nonsuit was to be entered.

*Sabin,* for the plaintiff.

*Kellogg,* contra.

THOMPSON, Ch. J., delivered the opinion of the court. This
is an action of trespass, *de bonis asportatis,* brought against the
defendants, as trustees of the twenty-seventh school district, in the
town of *Pompey,* and county of *Onondaga;* who have issued a
warrant to collect a tax laid on the district, and under which the
plaintiff's property, which is now in question, was taken and
sold. The only irregularity complained of, and relied upon, in
support of the present action, is, that the tax ought to have
been laid according to the tax list of 1812, and not of 1813; and
if so, that the plaintiff was improperly assessed, as he was not a
taxable inhabitant of the district in 1812.

It is not easy to discover the reason or necessity for the va-
rious votes that appear to have been taken in relation to the tax
in question, some of which were in the fall of 1813, and others
in the winter of 1814. It is, however, no more than a fair and
liberal interpretation of the proceedings of the meeting of *Sep-
tember,* 1813, to say, that the tax was then voted. There is no
form prescribed by the statute, in which the question for raising
the money shall be presented to the voters. The vote, as enter-
ed in the minutes of the meeting, was, that 175 dollars be ap-
propriated for building a school house, and the vote of the 24th
of the same month, of *September,* shows it was to be raised by
tax. I assume, therefore, that the tax was voted in *September,*
1813, which is putting the plaintiff's case on the strongest ground.
The question then is, according to what tax list should the assess-
ment have been made? The act directs, that after the district
meeting have voted a tax, the trustees shall proceed to apportion

NEW-YORK,
Oct. 1815.

WILSON
v.
SUPERVISORS OF
ALBANY.

the same on the taxable inhabitants of said district, according to the tax list of the preceding year. (1 *N. R. L.* 262. s. 8.) By the general law relative to the assessment and collection of taxes, (2 *N. R. L.* 510.,) the assessment roll is to be completed by the 1st of *August* in each year. When, therefore, the statute in relation to school districts speaks of the tax list of the preceding year, it must be understood as referring to the year ending in *August*, when the general assessment is to be completed; and must be so construed, as if, instead of the preceding year, it had said the preceding tax list. It would be absurd to suppose the legislature intended to pass over one tax list, and regulate the assessment according to the list of a prior date. The plaintiff was a taxable inhabitant of this district in *September*, 1813, when the money was voted to be raised; and there can be no possible reason why he should not bear his proportion. The trustees were, then, correct in regulating their assessment by the tax list of 1813; and, if so, it is admitted that the proceedings were regular, and that there are no grounds upon which the present action can be maintained. Judgment of nonsuit must, accordingly, be entered, pursuant to the stipulation in the case.

Judgment of nonsuit.